W. W. CHAPMAN, APPELLANT, v. JAMES H. WILBUR, RESPONDENT.

PROPERTY IN TRUST—GRANTOR'S INTEREST IN.—A grantor of property in trust for a specific purpose retains such an interest therein as entitles him in equity to insist on a specific execution of the trust; but a diversion of trust property by a trustee from the purpose for which it was granted, does not operate as a forfeiture of the property or cause it to revert to the donor.

APPEAL from Multnomah County.

The facts are stated in the opinion of the Court.

*J. H. Reed*, for Appellant.

*Gibbs & Upton and Caples & Moreland*, for Respondent.

By the Court, PRIM, J.:

This was a suit in equity to have certain deeds relating to block 224 in the city of Portland set aside and held for naught, and the title to said block decreed to be in complainant.

The material facts are as follows: On September 7, 1850, Stephen Coffin, D. H. Lownsdale and W. W. Chapman, being in possession, conveyed two adjacent blocks of land known as blocks 205 and 224 in the city of Portland "to James H. Wilbur, trustee, for the use and benefit of the Methodist Episcopal Church of Oregon * * * for the purpose of erecting an academy thereon, and therewith * * * to be by him conveyed to such person as shall be appointed to receive and hold the title for the use and benefit of the Methodist Episcopal Church of Oregon." This deed contained a covenant that if they, the grantors, should obtain title to said property from the United States, they would convey the same as aforesaid by deed of general warranty; and also that they would warrant and defend the said property against the claims of all persons claiming by, through or under them. Soon after receiving this deed, Wilbur went into the possession of the premises, and, in

concert with the said Church, erected a building on block 205, and instituted an academy upon it.

About the 1st of September, 1853, plaintiff obtained the legal title to the premises from the United States, and on the 10th day of that month he and his wife executed a deed of the premises to J. H. Wilbur, Trustee of the Oregon Annual Conference of the Methodist Episcopal Church in Oregon. This deed professes to recite the purport of the former deed and to be confirmatory of it, but departs from its tenor in several particulars. It is dated the "25th day of June 1851," and refers to the grantors as having, by deed of quit-claim, conveyed to the said James H. Wilbur, trustee as aforesaid, the property hereinafter described for the purpose of establishing thereon a seminary of learning to be divided into a male and female academy.

In 1854 a corporation was formed by an Act of the Territorial Legislature called "the Board of Trustees of the Portland Academy and Female Seminary." After this corporation was organized it was selected, by the said church, as its agent to hold the title of the property and manage the affairs of the academy. Wilbur, however, it appears, continued to act as such agent and trustee up to about 1853, and, in the construction of the academy, had advanced of his own funds some five thousand dollars. Afterwards, Wilbur conveyed the two blocks to the said Board of Trustees of the Portland Academy and Female Seminary.

The Board having audited the accounts of Wilbur, and having found a large amount due him on account of advances made by him in constructing the academy, bargained with him to take block 224 in satisfaction of that claim, and, on June 9, 1860, executed to him a conveyance of said block, since which time he has been in the possession of it, claiming it as his own.

It is claimed by plaintiff that this was a diversion of block 224 from the purpose and use for which it was intended, and a violation of the trust, by which the property is forfeited and reverts to the donor.

One of the theories assumed by counsel for plaintiff is, that the grant was upon a condition subsequent to be per-

formed by the grantee; and, that the condition of the grant, not having been performed by establishing a seminary of learning on each block, that therefore block 224 is forfeited, and reverts to the grantor. To sustain this position, counsel for plaintiff cite the case of *Heydon et al.* v. *The Inhabitants of Stoughton* (5 Pick. 528). That was a devise of a certain piece of land for a certain purpose, upon a certain condition specified in the devise. The words of the devise were as follows: "I give to the town of Stoughton a certain piece of land (describing it), for the purpose of building a school-house for the use of a free grammar school (or for such other school as said town may direct); *provided,* said school-house is built by said town within one hundred rods of the place where the meeting-house now stands." That was held, by the Court, "to be a devise upon a condition subsequent; that the estate accordingly vested in the devisees, and was forfeited by a neglect for twenty years to comply with the condition."

It will be noticed that that case is not at all analogous to the one under consideration. The grant here was an absolute grant to the defendant in trust for a certain purpose specified, while there the land was devised to the town for a certain purpose, coupled with a certain condition to be performed by the town.

*Warren* v. *The Mayor of Lyons City* (22 Iowa, 351) is another case relied upon by counsel for appellant. In that case the owners in fee of the land, where the city of Lyons is laid out, dedicated a certain piece of land to the town for a public square, to be held by said town in trust for public use as such square, and for no other purpose. The lots adjoining it were valuable, and some of them had been improved with a view to its always being kept open to the public for such use. Plaintiff had lots adjoining the same, of great value, but which would be of but little value if cut off from said public square. The municipal authorities procured said "public square" to be subdivided into small lots with a view of leasing them to private individuals, for a term of years, to be built upon and used by them to the exclusion of the public, thereby

diverting it from the purpose and use for which it was originally dedicated. This, it was held by the Court, was an attempt to divert the land from the use and purpose intended by the original proprietors, and therefore void. The Court said:

"For the uses contemplated the proprietors may have parted with the fee—the proprietary right—but not for all purposes, and therefore if the city authorities, as trustee of the public, should undertake to make gain by the sale, or to authorize its use for anything else than a public square, they violate the trust, and the original owners, in virtue of the terms of the grant, *may demand* that the trust shall be *executed* in good faith, and restrain any such proposed violation of the terms upon which the grant was accepted. Nothing can be clearer than, if a grant is made for a specified, limited and defined purpose, the subject of the grant cannot be used for another purpose, and that the grantor retains still such an interest therein as entitles him in a Court of equity to insist upon the execution of the trust as originally declared and accepted."

The same doctrine is well expressed in *Barclay* v. *Howell's Lessee* (6 Peters, 507). The Court said: "If this ground had been dedicated for a particular purpose, and the city authorities had appropriated it to an entirely different purpose, it might afford ground for the interference of a Court of Chancery to compel a *specific execution of the trust* by restraining the corporation. * * * But even in such a case, the property dedicated would *not revert to the original owner*. The use would still remain in the public, limited only by the conditions imposed in the grant." (1 Ohio St. 478; 8 Ohio, 552.)

Thus, while all the authorities appear to hold that a grantor of property in trust for a specific purpose retains such an interest therein as entitles him in equity to insist upon the execution of the trust, not one has been cited, and we can find none holding that a diversion of the property, by the trustee, operates as a forfeiture of the property, and causes it to revert to the donor.

It is claimed by defendant that the proper construction

of the deeds in question is, that one block might be sold or mortgaged for the purpose of raising money to build an academy upon the other; while it is insisted by plaintiff that they should be construed to mean that an academy should be built upon each block. In order to dispose of this case, under the view taken by the Court, it is immaterial which of these constructions is adopted as the correct one, and, therefore, we have not undertaken to pass upon that question.

If the construction contended for by defendant is the correct one, then there was no diversion of block 224 from the purpose or use for which it was granted; while, if the construction contended for by plaintiff is the correct one, then, although there was a diversion of said block by said trustees, it was immaterial, since such diversion does not operate as a forfeiture of the trust property by the *cestui que trust,* or cause a reversion of it to the grantor.

It follows, from the views herein expressed, that the decree, dismissing the bill with costs, must be affirmed.