[No. 4778.]

## WILLIAM SHARP *v.* JAMES P. GOODWIN AND P. B. HOLMES.

SALE OF TRUST PROPERTY.—If a debtor makes an assignment of his property to a trustee in trust to pay the proceeds *pro rata* to his creditors, one to whom the trustee assigns the property with notice of the trust, must execute it.

PRESUMPTION AS TO FACTS FOUND.—In the absence of the findings of fact the presumption is that the court found upon the issues in such manner as to sustain the judgment.

SALE BY TRUSTEE OF TRUST PROPERTY.—If a trustee to whom a debtor has assigned his property in trust to pay the proceeds *pro rata* to his creditors, sells and assigns the property to a third person for value, with notice of the trust, and such person converts the property into money and pays the creditors, they have no cause of action against the trustee.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

Action to recover five hundred and sixty dollars and sixty-six cents, alleged to have been received by the defendants to and for the use of the plaintiff. The defendants denied the allegations of the complaint, and by way of special defense, alleged that one William Campbell, being in failing circumstances, compromised with his creditors by executing promissory notes, secured by mortgage, to the defendants, who were doing business under the firm-name of Goodwin & Co., for the amount of his indebtedness; and that Goodwin & Co. received the notes and mortgage by agreement with the creditors to collect the same and pay over the proceeds *pro rata* to the creditors of Campbell; that Goodwin & Co. assigned the notes and mortgage to one A. P. Holmes, who had full knowledge of and notice of the facts, and agreed to execute the trust; and that A. P. Holmes assigned

the notes and mortgage to the California Furniture Manufacturing Company, which had full notice of all the facts and agreed to carry out the trust. The testimony tended to show that Goodwin & Co. were composed of the defendants, who had a large furniture store in San Francisco, and had been carrying on business also at Sacramento; that Campbell, being in debt to several persons at Sacramento, among whom were the plaintiff Sharp and the defendants Goodwin & Co., executed to Goodwin & Co. his promissory notes for the full amount of his debts, which notes were secured by mortgage, and that it was agreed between Goodwin & Co. and the creditors that Goodwin & Co. should collect the notes and pay the money to the creditors *pro rata;* that Goodwin & Co. soon after sold and assigned all their property to A. P. Holmes, to enable him to make sale of the same, and that A. P. Holmes sold and assigned the same to the California Furniture Manufacturing Company for full value; that among the articles turned over to A. P. Holmes by Goodwin & Co., and by him turned over to the Furniture Company, were the Campbell notes and mortgage; that the California Furniture Manufacturing Company collected the money due on the Campbell notes, and the plaintiff Sharp demanded that the company pay him what Campbell owed him, being the amount sued for in this action; that the company declined, but finally agreed that Sharp should bring this action against Goodwin & Co. for the amount of the Campbell debt, and that, after the action was commenced, the company should pay Sharp the amount of his demand and he should assign the demand sued on to it, and if he recovered, pay the proceeds to the company. This arrangement was carried out and Sharp sued, and then assigned his demand to the company, which paid him the face of it. The court rendered judgment for the defendants. The plaintiff moved for a new trial, and in support of it filed a statement containing the evidence.

The other facts are stated in the opinion.

*Nathan Porter,* for the Appellant, argued that there was no evidence to show that A. P. Holmes or the Manufacturing Company had notice of the trust. He also argued that the

defendants, when they sold and assigned away the security they held as trustees for plaintiff, and received the money for it, could not and did not thereby assign away their *liability* to pay over that money to plaintiff. For this money, which defendants so received as plaintiff's trustees, the plaintiff was now suing defendants. Plaintiff was not bound to look to others for his money if he could. Suppose the defendants had made this assignment to an insolvent. Would they have assigned their liability under the trust? Would plaintiff have been bound to look to the insolvent for his money?

*Alonzo Webb and J. Naphtaly*, for the Respondents.

By the COURT:

The cause was tried by the court without a jury, and findings were expressly waived by the parties. A judgment having been entered for the defendants, the plaintiff appeals from the judgment and from the order denying his motion for a new trial.

If A. P. Holmes and the California Furniture Manufacturing Company took the notes and mortgage, with notice of the plaintiff's interest, they took them subject to his rights; and when the amount due on the notes was paid to the Manufacturing Company, it became its duty to account to the plaintiff for his proportion of it. We must presume, in support of the judgment and in the absence of findings, that the court decided that Holmes and the Manufacturing Company had notice of the plaintiff's interest when they took the notes and mortgage. If the court erred in this respect the plaintiff, on his own motion for a new trial, should have specified this as one of the particulars wherein the evidence did not justify the decision. But there was no such specification, and the point cannot be raised for the first time in this Court. The Furniture Manufacturing Company having paid to the plaintiff, as was its duty, his full proportion of the amount collected on the notes and mortgage, it is clear he has no cause of action against the defendants.

Judgment and order affirmed.

WALLACE, C. J., not having heard the argument, expressed no opinion.