CASE 42—PETITION EQUITY—MAY .7.

101  252
h107 508

101  252
112  809

# Young v. Kinkead's Administrators, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. WILLS—CONSTRUCTION.—A testator having provided in his will that after the payment of his debts his estate should be held by his executors for a term of fifteen years, and provided how the income derived therefrom during that time should be disposed of, he further provided that "after the expiration of said fifteen years my estate is to be divided among my aforesaid five children, their heirs, assigns, etc., according to the statute of descent." Under that provision the testator's five children were vested with the fee in the estate subject to the uses to which the income was to be devoted during the fifteen years.

P. B. & UPTON W. MUIR FOR APPELLANT.

1. Under the provision in the testator's will, that "after the expiration of the said fifteen years my estate is to be divided among my aforesaid five children, their heirs, assigns, etc., according to the statute of descent," the five children took the fee in the estate. The word "heirs" should be given its usual meaning, and should not be construed to mean "children" unless such is shown by the provisions of the will as a whole to have been the testator's meaning; and the addition of the words "or assigns, etc.," to "heirs" makes it plain in this case that no such construction should be given it. Amer. & Eng. Enc. of Law, vol. 11, p. 515; 109 Indiana, 476; 41 N. J. Eq., 89; 35 Conn., 256; 118, Ill., 403; Barhydt v. Ellis, 45 N. Y., 107; Fearne on Remainder, vol. 2, p. 734, Amer Ed.; Hocker v. Gentry, 3 Met., 471; Jarman on Wills, 5 Amer. Ed., p. 407; 14 Ind., 502; 3 Ired. Eq., 323; Busb. Eq., 221; Byrne v. France, 33 S. W., 180; Fowler v. Duhne, 42 N. E., 626.

PIRTLE & TRABUE FOR APPELLEE.

(Brief not in the record.)

Young v. Kinkead's Administrator, &c.

.JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This action involves the construction of a clause in the will of the late Joseph B. Kinkead, which is as follows:

"After the expiration of the said fifteen years, my estate is to be divided among my aforesaid five children, their heirs, assigns, &c., according to the statute of descent."

The testator had five children, three sons and two daughters; two of the sons and one of the daughters were married, and had children. All his children, (except his married daughter) and his son-in-law were named as executors of his will. It is provided in the will that after the payment of debts, his estate shall be held by the executors for the term of fifteen years; and the income derived from the estate after paying charges and expenses, shall be divided as follows: One-fifth of the net income to the maintenance and education of the children, now living, or that hereafter be born to my son, Peyton S. Kinkead. Similar provisions are made for the children of his son, Robert C. Kinkead, and also for the children of his daughter, Mary C. Warren. One fifth of the net income is to be paid to his daughter, Annie Kinkead, as her sole and separate property, etc.

One-fifth of the net income is to be paid to his son, Chas. S. Kinkead. The testator says that no preference is to be allowed in the above provision touching the income and distribution because of the order in which the children are named; and that the executors may pay the portions of the incomes respectively to the fathers of his grandchildren for boarding and taking care of their children, and he further says that in the event of the death of either of his sons, the

income that is to be expended for his grandchildren may be paid to their mother, while she is taking care of them. The executors are authorized, if they deem it proper, to withhold from either of the grandchildren, the benefit of the provision made for him or her, after the child attains the age of seventeen years. The testator thinking that fifteen years might be too long a period for the existence of the trust, provided that if his executors should be of that opinion, then they could terminate the trust by obtaining from the proper court a judgment to that effect. There was no provision, giving the grandchildren any interest in this estate, except to the use of the income as we have stated. The testator seems to have had implicit confidence in his children, as he made them executors of his will. The executors of his will were authorized to remit a named debt, if all his children consented thereto. They were authorized to use the estate in any business enterprise, if all the children should determine it would be advantageous to the estate to do so. Taking the entire will together we fail to discover that the testator has used any word with the intention of giving it any other meaning than the one it has in its ordinary or common use. After the expiration of fifteen years, the estate is to be divided among testator's five children, their heirs, assigns, &c., according to the statute of descent.

Had the clause provided that, at the end of the period named, the estate was to be divided among the "five children" no difficulty would have arisen in the interpretation of the will as manifestly it would have vested the children with the fee simple estate. Had the words "heirs and assigns" been used following the words "five children" then, if

possible, the interpretation would have been easier, because according to their meaning and use in such connection would show that .the testator intended that the estate devised vested the fee simple in the five children. If the word "heirs" was used as synonymous with the word "children," then it would be used as a word of purchase, but there is nothing in the will to show it was the purpose of the testator to use them in that sense. If there was any doubt that the testator intended to use "heirs" except as a word of limitation, it is removed by following it with the word "assigns." Both the words "heirs" and "assigns" indicate the "fee" was devised to the children.

Counsel for appellees, in endeavoring to find a meaning for "assigns" suggest that the testator must have meant that if any of his children should survive to the end of the trust, and then have disposed of their interest in the estate by assignment, the assignees of such an interest should take the share of the children so assigning it. This could not have been his meaning, because the instant the trust period expired, the right to a division accrued. It is hardly probable that the testator was intending to make provision for persons to whom his children may have assigned.the estate after the right to a division accrued. If we are correct as to what is meant by dividing the estate among the "five children, their heirs, assigns, &c.," the inquiry arises as to what is meant by the concluding words of the clause, "according to the statute of descent." To have entitled the five chil‑ dren to an equal division of the estate it was unnecessary for the testator to have used this language. If we give it the meaning contended for by counsel for appellee, we disre‑

gard the preceding part of the clause which, in our judg-
ment, indicates a clear intention of the testator to vest the
five children with the fee subject to the uses to which the
net income is to be devoted during the period named. The
will indicates a great desire upon the part of the testator
to have an equal division of his estate, because he says no
preference is to be allowed in the above provision touching
the income and distribution because of the order in which
the children are named. Having that same purpose in view,
he provided the estate should be divided among his children
equally, hence, said it should be divided according to the
statute of descent, which means that it shall be divided
equally. We have concluded the words "heirs" and "as-
signs" emphasize a purpose to create a fee; but suppose
they had not been used, then the clause would have pro-
vided that the estate was to be divided among the five chil-
dren according to the statute of descent. Certainly, then,
no doubt would exist that the children were vested with a
fee. If the words "heirs" and "assigns" are words indicat-
ing a fee, then our conclusion that the estate is to be di-
vided among five children according to the statute of de-
scent is strengthened. Instead of the words "heirs" and
"assigns" causing doubt as to the meaning of the clause,
if they are given their usual signification, they make clear
the meaning of the testator. If we entertained a doubt as
to the meaning of the clause under the will, the known gen-
eral rule that an interest shall be construed to be vested
rather than contingent, we should hold that the five chil-
dren took the fee subject to the uses of the income as stated.
We do not think it necessary to review the cases cited by

counsel for appellee. The case of Johnson against Jacob, 11 Bush, does not, in our opinion, sustain the contention of counsel. The devisee in that case was given a life estate in express terms, and then it was provided that at the death of the life tenant "the property, with the unexpended avails, shall be conveyed and paid to his descendants, if there be any such living, in the same manner as it would pass by the law of descent if the same were to descend from him. If there be no such descendants, then the same shall be conveyed and paid to his heirs." There was no question in that case like the one under consideration. The testator in that case expressly said the devisee took a life estate, then at the death of the life tenant let the law of descent ascertain the descendants and distribute his estate among them.

The judgment is reversed with directions that further proceedings conform to this opinion.