CASE 95—ACTION TO SETTLE THE ESTATE OF JACOB ROEDERER, DE-
CEASED, AND FOR ALLOTMENT OF DOWER.—FEB. 25.

# Roederer, &c. v. Hess, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT SUSTAINING EXCEPTIONS TO THE REPORT OF SALE OF LAND
AND DAVID ROEDERER AND OTHERS APPEAL. REVERSED.

CONSTRUCTION OF WILL—CONDITION AGAINST ALIENATION.

Held: Where testator devised his entire estate to his children, to
be equally divided among them, a proviso "that none of the
real· estate so devised shall be sold until my youngest child
shall be of lawful age" does not prohibit any devisee ·from
selling his undivided interest at any time; the purchaser be-
coming tenant in common with the other devisees, and subject
to the provision forbidding a sale of the land until the majority
of the youngest child.

MARRET & MARRET, J. N. DEMBITZ, ISAAC T. WOODSON AND
PRYOR & SAPINSKY, FOR APPELLANTS.

(No briefs.)

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Jacob Roederer died on March 6, 1879. He devised the
property in contest to his children. The will provided that
the real estate should not be sold until the youngest child
was of age. He left eleven children. The youngest was of
age on August 6, 1900. Previous to this, however, one of
the sons sold and conveyed, with general warranty, his in-
terest in the land to appellant C. Mann, in October, 1894,
and shortly thereafter three of the other children conveyed
their interest to one of their brothers by like deeds. On
August 7, 1900, or the day after the youngest child was of
age, this suit was filed for a sale of the property and di-
vision of the proceeds. The four children who had con-

veyed their interest were not made parties to the action, but their vendees were. The court ordered the property sold. Appellees purchased it, and then filed exceptions to the sale on the ground that the title they acquired was not good. The court sustained these exceptions and set aside the sale. The ruling of the court was based on the fact that four of the devisees had sold and conveyed their interest in the land before the youngest child was of age, and it was held that this was in violation of the provisions of the will. The will contains no devise over. The clauses of the will referred to are in these words: "I give and devise the residue of all my property, real, personal, and mixed, of which I may be possessed at the time of my death, to my children that may be then living or may equally divided between them all . . . provided, however, that none of the real estate so devised shall be sold until my youngest child shall be of lawful age." The thing in the mind of the testator was the equal division of the estate among his children. The restriction on the sale of any of the land until the youngest child was of age was aimed to secure this equality. Conditions against alienation are strictly construed. Warfield v. English 11 R., 263, (11 S. W., 662); Lindemeier v. Lindemeier, 91 Ky., 264 (12 R., 766), (15 S. W., 524). The language of the clause before us is entirely different from one whereby one or more of the joint owners of the property is prohibited from alienating his interest in it until a given date. Young v. Young (20 R., 1741), (49 S. W., 1074). At the death of the testator one of the children was unborn. The provision of the will was designed to forbid a sale of the land until the youngest child was of age, so as to protect the interest of the infant children, but no restraint was imposed upon the devisees' selling their interest in the land. The purchaser from them took their

undivided share subject to the terms of the will forbidding a
sale of the land until the youngest was of age, but the lan-
guage of the will does not go further than this.   It appears
from the will that the testator had made advancements to
two of his children, and there is nothing in the will to in-
dicate that the testator intended to tie the hands of the
older children for something like 21 years, and prevent them
from disposing of their interest in the property devised,
regardless of the necessities which changing conditions
might bring about.   It must be presumed that, if the testa-
tor had designed to forbid all his 11 children alienating
their interest in the land until the youngest was of age, he
would have used words more aptly expressing this intention.
He knew that some of his sons before that time might be
nearly 40 years old.   There appears no reason for such a
restriction on all the children.   The language of the will
does not require this construction.   It goes no further than
to postpone the period of distribution.   The title vested in
the devisees immediately, and this title they could sell.
Kean v. Tilford, 81 Ky., 600, (5 R., 655); Young v. Kinkead's
Adm'rs, 101 Ky., 252, (19 R., 396), (40 S. W., 776).   By sec-
tion 490, Kentucky Statutes, the owner may convey any in-
terest in lands not in the adverse possession of another.
By section 1681, "land to which the defendant has a legal
title in fee, for life or for term, whether in possession, re-
version or remainder, may be taken and sold under execu-
tion."   The interest of each of the children in this land was
subject to execution, under this provision.   If sold under ex-
ecution, it would pass to the purchaser subject to the restric-
tions of the will, and he would then become tenant in com-
mon with the other children.   The devisees could do direct-
ly what might have been accomplished through the form of
an execution or judicial sale for debt.   Their selling the

land prejudiced no one. It defeated no purpose of the testator, and it is not within the language or spirit of the provision of the will forbidding a sale of the land until the majority of the youngest child.

Judgment reversed and cause remanded, with directions to the circuit court to overrule the exceptions and confirm the sale.