Argued February 20, decided March 11, 1913.

## ALBANY COLLEGE v. MONTEITH.*

(130 Pac. 633.)

**Charities—Gifts—Schools.**

1. A conveyance of land in consideration that a certain church had formed a private corporation, that such corporation had built a school on the land, that the teachers should be always selected from such church, etc., was a charitable gift.

**Charities—Gifts—Construction—"Institution"—College.**

2. A conveyance of land to a corporation, on which such corporation had built a college in consideration that the institution, so erected and situated, should be forever maintained, does not require that the college shall forever remain upon the premises described, but the premises may be sold as long as the proceeds are used for the purpose of maintaining the college on any site; the "institution" not consisting of the premises and buildings, but of the association organized for the purpose of maintaining a college.

**Deeds—Conditions and Limitations—Construction.**

3. A provision in a deed of land to a religious corporation, on which such corporation had built a college, that it was expressly "conditioned" that, if such corporation was dissolved, the conveyance should cease, and the premises, with the appurtenances, shall go to the general assembly of the church, is not good as a condition, because not reserved to the grantor or his heirs; and, where the rest of the conveyance shows an intent that the premises might some time be sold, such provision will not be held to operate as a conditional limitation.

**Charities—"At"—Construction.**

4. A gift of property to be used in the maintenance of an institution of learning "at" Albany does not mean that such institution shall be located within the limits of Albany, but may be located "near" such place.

From Linn: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit by the Board of Trustees of Albany College against C. M. Monteith, Lottie Pipe and J. V.

*On the effect of specifying use of real estate in devise to religious society, see note in 11 L. R. A. (N. S.) 509.          REPORTER.

Pipe, her husband, Arch Monteith and Shella Monteith, his wife, Christine Keating and W. H. Keating, her husband, to quiet title.    The facts are as follows:

In August, 1869, Thomas Monteith and Christine Monteith executed and delivered to the plaintiff corporation a deed intended to convey four blocks of land in the City of Albany, of which deed the following, omitting the description, is a copy:

"This indenture witnesseth:    That we, Thomas Monteith and Christine M. Monteith, his wife, for and in consideration that 'the board of trustees of the "Albany Collegiate Institute," duly nominated and appointed for that purpose by the presbytery of Oregon in connection with "the general assembly of the Presbyterian Church of the United States of America," have associated themselves as a private corporation under the provisions of the general incorporation laws of Oregon by articles of incorporation filed in the clerk's office in Linn County, in said State, on the 31st day of January, 1867, under the name and style above written'; and in further consideration that the said corporation have pursuant to said articles of incorporation erected on the premises hereinafter described an edifice for educational purposes valued at eight thousand dollars, and in further consideration that said collegiate institute or seminary of learning mentioned in said articles of incorporation, situated on the premises hereinafter described, is, and shall be forever hereafter, under the supervision and control of the religious denomination aforesaid, according to the meaning and intent of said articles of incorporation and the by-laws made pursuant thereto, and in the further consideration that the president of said board of trustees and the president of the faculty of said collegiate institute shall always be chosen from the members of said church in connection with the general assembly of said Presbyterian Church in the United States of America, have donated, bargained, and sold and by these presents do donate, grant, bargain, sell and convey unto the board of trustees of the Albany Collegiate Institute, and their successors in office for the use and benefit of said corporation, for the uses and purposes expressed in said articles of incorporation, the premises and ap-

purtenances described as follows. * * To have and to hold said premises with their appurtenances unto the said board of trustees of the Albany Collegiate Institute and their successors in office for the use and benefit of said corporation, for the uses and purposes mentioned in said articles of incorporation forever. Provided always and expressly · conditioned that if at any time, the said corporation shall be dissolved through default of said presbytery of Oregon for any cause whatsoever, or the said institution of learning shall cease to be under the supervision and control of the presbytery of Oregon, in connection with the general assembly of the Presbyterian Church in the United States of America according to the true intent and meaning of said articles of incorporation, then and in that case, this conveyance shall cease and determine as to the board of trustees aforesaid, and the said described premises with the appurtenances shall become the property of the 'general assembly of the Presbyterian Church of the United States of America' for the uses and purposes herein set forth and no other. Provided always, that the premises herein described and conveyed shall never be sold and conveyed to any religious denomination not herein named without the written consent of the grantors herein."

By mistake two of the blocks were omitted from the description; but the plaintiff took possession of the land, and used the same for purposes connected with the institution until the commencement of this suit; and the intent, on the part of the grantors, to convey by the deed all the land now occupied and claimed by the plaintiff is not questioned by defendants in this suit.

Shortly before the commencement of this suit, the plaintiff purchased a larger tract of land, situated adjacent to some recently platted additions to the City of Albany, and about a mile from the premises in controversy, evidently with a view of securing more commodious grounds for their college, and, contemplating the possible sale of the lands in controversy, brought this suit to quiet title to the property. The defendants answered, admitting plaintiff's possession of the prem-

ises, the making of the deed, and the intent of the grantors to convey the four blocks of land described in the complaint, but denies that such conveyance was for a valuable or other consideration, except as further alleged in the answer, and deny that plaintiff was the owner in fee simple of the premises. By way of affirmative defense, it was alleged that the plaintiff was incorporated in 1867 for the purpose of establishing and maintaining a college at Albany, Linn County, Oregon; that the corporation was organized and the college founded with the intention of establishing a college upon the real property described in the complaint. The answer set up the deed in full, alleging the mistake in the description, which defendants asked to have corrected, and that defendants were the widow and heirs at law of Thomas Monteith; that said deed was executed by the grantors and accepted by the plaintiff upon the trust to use the property as a site for a college, the board of trustees of which should always be nominated and appointed for that purpose by the presbytery of Oregon in connection with the general assembly of the Presbyterian Church in the United States; and that the title to the property is held by plaintiff in trust for the charitable uses expressed in the deed and in plaintiff's articles of incorporation, and not as a title absolute in fee.

The defendants asked for a decree declaring plaintiff to be trustees of the property, and for a dismissal. The answer is too lengthy to be stated in full in this opinion. There was a reply, and upon the trial there was a decree for plaintiff that it was the owner in fee of the property, with full power to sell and dispose of the same to any person, firm, or corporation, except a religious denomination other than the Presbyterian Church. It was further decreed that, in case of sale of the premises, then and in that case the trust created by virtue of the deed and articles of incorporation should be impressed upon

the proceeds of the sale; the same to be used for the objects and purposes set out in the deed and articles of incorporation.   The defendants appeal.     AFFIRMED.

For appellants there was a brief with oral arguments by *Mr. Gale S. Hill* and *Mr. Lauflin M. Curl.*

For respondents there was a brief over the names of *Messrs. Hewitt & Sox,* with an oral argument by *Mr. Henry H. Hewitt.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1.  The deed in question was evidently a gift for charitable uses.   There is nothing to indicate that any consideration beyond the desire to aid in the maintenance of an institution of learning, moved the grantors to execute the conveyance.   A conveyance for such purpose is a charitable gift.   *Miller* v. *Porter,* 53 Pa. 292; *Alfred University* v. *Hancock,* 69 N. J. Eq. 470 (46 Atl. 178) ; *Russell* v. *Allen,* 107 U. S. 163 (2 Sup. Ct. 327: 27 L. Ed. 397) ; *Webster* v. *Wiggin,* 19 R. I. 73 (31 Atl. 824: 28 L. R. A. 510).

2.  We will now consider the extent and nature of the estate conveyed to the plaintiff.   It is admitted that the name of the plaintiff corporation has been changed since the original deed was made, in which plaintiff was described as "the board of trustees of the Albany Collegiate Institute," but that it is in fact, as we have already considered it, identical with the present corporation, the plaintiff in this suit.   The additional description in the conveyance, "duly nominated and appointed for that purpose by the presbytery of Oregon in connection with 'the general assembly of the Presbyterian Church in the United States of America,' " was used merely to further describe and identify the corporation, and to distinguish it from any other corporation which might be identified with any other branch of that denomination; there being

at that time several synods or associations of Presbyterians, chief among which were "the Presbyterian Church in the United States of America," "the Presbyterian Church in the United States," "the United Presbyterian Church of North America," "the Cumberland Presbyterian Church," and others. The conveyance, therefore, vested the title to the property in fee in the corporation, subject to the limitations hereinafter mentioned. The consideration of the deed was the fact that the corporation had already erected on the premises, at a cost of $8,000, a building for educational purposes, and the additional consideration that the institution so erected and situated should be forever maintained by, and forever afterwards be under the control of, the religions denomination, according to the meaning and intent of the articles of incorporation. It is now claimed by the defendants that this language limits the power of the trustees to remove the buildings and college from the premises described in the deed, but requires that the college shall forever remain upon the premises described, and that they are precluded from selling the premises and using the funds derived therefrom in the maintenance of the college upon other premises. We do not so interpret the conveyance. It is true the buildings of the institution are described as being situated and maintained on the conveyed premises; and the fact that they had been so constructed, and that $8,000 had been expended upon them, is mentioned as a part of the consideration of the conveyance; but the buildings were not the institution, nor did the grounds upon which they stood comprise the same. They were the property of the institution, which, in its last analysis, consisted of the association organized for the specific purpose of establishing and maintaining an institution of learning at Albany, in Linn County. *Gerke* v. *Purcell,* 25 Ohio St. 229; *Humphries* v. *Little Sisters of the Poor,* 29 Ohio St. 201.

By the terms of the conveyance itself, the possibility of a sale of the property was evidently recognized, as is clearly shown by the following proviso:

"Provided, always, that the premises herein described and conveyed shall never be sold and conveyed to any religious denomination not herein named without the written consent of the grantors herein."

*Expressio unius est exclusio alterius.* The grantors, in effect, said to the grantees, "You may sell to anybody you choose, so long as you do not sell to some other religious denomination." There was reason in this restriction. The grantors were no doubt desirous of seeing a denominational college maintained at Albany. A building adapted to such purposes had been erected on the ground; and if the site of the college should be changed, and the grounds and building sold to some other religious sect, another denominational school might be instituted which otherwise would go to the Presbyterian institution.

We conclude that the property in controversy was given for the same purposes that money or stocks or bonds might have been given, namely, to support and maintain an institution of learning at Albany. It was, no doubt, in the minds of all the parties that for the present the school would be carried on where the buildings had been erected; but from the cost of these buildings, as shown by the deed, it is evident that they were but temporary in their character, and far from being adequate to meet the wants of a growing community. It is true the plaintiff holds the property in trust for the purposes mentioned in the conveyance, and it cannot sell it and apply the proceeds to any other purpose. The moneys received from such a sale must be applied to the purpose of maintaining an institution of learning at Albany of the character specified in the conveyance. It is impressed with a trust that it shall be used for that purpose.

3. We do not believe that the further so-called "condition" in the habendum clause of the deed affects the

conclusion above arrived at.    For the sake of clearness, we re-state in full this clause in the deed:

"To have and to hold said premises with their appurtenances unto the said board of trustees of the Albany Collegiate Institute and their successors in office for the use and benefit of said corporation, for the uses and purposes mentioned in said articles of incorporation forever.    Provided always and expressly conditioned that if at any time, the said corporation shall be dissolved through default of said presbytery of Oregon for any cause whatsoever, or the said institution of learning shall cease to be under the supervision and control of the presbytery of Oregon, in connection with the general assembly of the Presbyterian Church in the United States of America according to the true intent and meaning of said articles of incorporation, then, and in that case, this conveyance shall cease and determine as to the board of trustees aforesaid, and the said described premises with the appurtenances shall become the property of the 'general assembly of the Presbyterian Church of the United States of America' for the uses and purposes herein set forth and no other.    Provided always, that the premises herein described and conveyed shall never be sold and conveyed to any religious denomination not herein named without the written consent of the grantors herein."

Although the word "conditioned" is used in the restrictive clause, it is not good as a condition, because a condition annexed to real estate can only be reserved to the grantor and his heirs. 2 Blackstone, *156. And, if the reservation be to a third person, the reservation, if otherwise clear, will be held to operate as a conditional limitation. 2 Blackstone, *156; *Proprietors of the Church v. Grant*, 3 Gray (Mass.) 142 (63 Am. Dec. 725).    But taking the conveyance by its four corners, and construing it as a whole, and in the light of the fact that a possible future conveyance of the property was evidently in the contemplation of the parties when the deed was made, as evidenced by the sole restriction on such alienation being that it should not be sold to any other religious

denomination, we are of the opinion that the true intent
of the clause above considered was to prevent the failure
of the trust; that is to say, that, if after a lapse of years,
no matter whether 10 or 500, there should be a failure
to elect or choose trustees by the board upon nominations
made by the presbytery of Oregon, as provided in the
articles of incorporation, the general assembly of the
Presbyterian Church in the United States of America
should succeed to the trust.   The words "the said de-
scribed premises with the appurtenances shall become
the property," etc., were apt to describe the property if
it should still exist in specie; but they should not be
construed as an implied limitation upon the power of
alienation.   Such limitations are repugnant to the general
policy of the law, and should not rest in implication.
24 Am. & Eng. Enc. Law (2 ed.) 872; *Rogers* v. *Birk-
head,* 3 Jur. N. S. 405; *Roederer* v. *Hess,* 112 Ky. 807
(66 S. W. 1012: 23 Ky. Law Rep. 2165).

4. It is also claimed that a proposed sale to remove
the buildings and seat of the institution to a new site,
about a mile from its present location, would be in viola-
tion of the terms of the trust which provides that the
institution shall be maintained "at" the City of Albany;
the contention being that the term "at" should be con-
strued to mean "in" or "within" the actual limits of the
city.   Primarily the word "at" expresses the relation of
nearness; the relation of presence; nearness in place.
It is less definite than "in" or "on."   "At the house" may
be "in" or "near" the house.   To determine the sense
in which the word is used, the subject-matter, with ref-
erence to which it is used, must be taken into considera-
tion.   In a subscription to a college conditioned to be
located at a certain town, the word "at" was construed
to have been used only as denoting a place conceived of
as a mere geographical point, and not as fixing a con-
dition that the college should be located within the cor-

porate limits of such town.    1 Words and Phrases, 595
(citing *Rogers* v. *Galloway Female College,* 64 Ark. 627:
44 S. W. 454: 39 L. R. A. 636), which case is very
similar to the one at bar.    Rogers had subscribed $2,500
toward the erection of a college to be located at the
Town of Searcy.    It was located outside the corporate
limits, and Rogers claimed that this avoided his sub-
scription.    It was held that a location near the town sat-
isfied the terms of the contract.    Many cases to the same
effect might be cited.    Even in criminal law, where great
strictness is applied, it has been held that the word "at"
might be construed to mean "near to" or in close prox-
imity.    Thus in *Napier* v. *State,* 50 Ala. 168, where the
statute provided a punishment for persons betting on a
game of cards played "at a storehouse," etc., it was held
that the word "at" should be construed to mean "near to"
and "in front of" a storehouse.    Also in the case of *Ray*
v. *State,* 50 Ala. 172, being an indictment under the same
statute, it was held that a game played within ten feet
of a storehouse where liquors were sold was played "at
a storehouse," within the meaning of the statute.

We conclude, therefore, that any possible or probable
sale of the property, with intent to apply the proceeds
to the erection or maintenance of a college, under the
same auspices and direction as at present existing, upon
the property lying near Albany, would not be a violation
of the trust, and that any funds derived from such sale
are impressed with the original trust, and must be applied
to the purposes mentioned in the deed.

The decree will therefore be affirmed, with leave to the
defendants to apply to the circuit court to reopen this case
to prevent application of funds derived from any such sale
to any purpose other than those indicated in this opinion.

AFFIRMED.

MR. JUSTICE EAKIN took no part in the consideration
of this case.