Argued December 14, affirmed December 31, 1914.

# NELSON v. MONITOR CONGREGATIONAL CHURCH.

(145 Pac. 37.)

**Religious Societies—Property—Conveyance.**

1.  Where a church had secured a decree for specific performance of a contract to convey land to it for a church site, the trustees, with the consent of the members of the church can convey the property to an incorporated church board to be still used for church purposes, without the consent of the court granting the decree and without affecting the title.

**Religious Societies—Property—Conveyances—Rights of Members.**

2.  A majority of the members or corporators of a religious society or corporation may control the disposition of its property.

**Religious Societies—Property—Conveyances—Rights of Purchasers.**

3.  A grantee of property which had been conveyed to a church for church purposes takes it subject to the trust, and must use the property for that purpose, but, if it fails to do so, the title does not thereby revert to the original grantor to the church.

**Religious Societies—Use of Property—Right of Action.**

4.  One who conveyed land to a church to be used for church purposes, but who is not a member of the church or society, cannot maintain an action to regulate the use of the property.

From Marion: William Galloway, Judge.

Department 2.   Statement by Mr. Justice Bean.

This is a suit by Andrew Nelson against the Monitor Congregational Church, a corporation, P. B. Hasty, A. J. Olson and G. W. Leap, to enjoin a trespass upon three quarters of an acre of land.  A decree was rendered by the Circuit Court in favor of defendants, and plaintiff appeals.

In 1878 J. P. Shuck purchased a 40-acre tract of land in the J. B. Shank donation land claim in section 25, township 5 S., range 1 W., in Marion County, Oregon, which included the land involved in this suit.  While J. P. Shuck and Mary A. Shuck, his wife, were the

owners of the 40-acre tract, they entered into a verbal agreement with the Monitor Christian Church, an unincorporated religious society, of which W. R. Townsend, J. D. Simmons and J. R. White were the duly elected trustees, whereby they agreed to convey to the society, or its trustees, the 1-acre tract, part of which is in question in this suit, in trust for the use and benefit of its members and the residents and inhabitants of and near Monitor, Oregon, for church and religious purposes, in consideration of the society building a church building thereon. The land was accepted and the church constructed. Shuck and wife failed to make the promised deed to the society. On September 10, 1902, they conveyed a portion of the land to Andrew Nelson, including about three quarters of the acre tract, and another portion, including the balance, to Hans Nelson. Both grantees had full knowledge of the agreement on the part of Shuck and wife to convey to the church, and accepted their deeds knowing that the church occupied the acre tract. In 1903 the trustees of the Monitor Christian Church commenced a suit in the Circuit Court for Marion County, Oregon, against Andrew Nelson, Hans Nelson, J. P. Shuck, and their respective wives, for specific performance of the agreement to convey the acre tract to the church. On August 14, 1903, a decree was rendered and entered perpetually enjoining Andrew Nelson and Hans Nelson from trespassing upon the 1-acre tract (particularly describing it), injuring or destroying the church building, or in any way interfering with or disturbing the members of the Monitor Christian Church or the residents or inhabitants in the neighborhood or vicinity of Monitor, Oregon, in the use of the premises or church building for church or religious purposes. It was further decreed that the defendants Hans Nelson and Andrew

Nelson and their wives should, within 30 days from the date of the decree, make, execute and deliver to W. R. Townsend, J. D. Simmons and J. R. White, as trustees of the Monitor Christian Church, a good and sufficient deed of all the described premises in fee, to the trustees of the church "in trust for the use and benefit of the members of the said Monitor Christian Church and the residents and inhabitants of and near Monitor, Oregon, for church and religious purposes forever"; and, in case of their failure to do so, that the decree stand as such deed. On December 8, 1911, pursuant to a resolution of the Monitor Christian Church adopted at a regularly called meeting, the trustees for and on behalf of the church conveyed the 1-acre tract to the Congregational Missionary Board of Oregon, an Oregon religious corporation for religious purposes, for the use and benefit of the residents and inhabitants of the town of Monitor, Oregon, and its vicinity and neighborhood. On February 18, 1913, the last-named society conveyed the 1-acre tract to the trustees of the Monitor Congregational Church of Marion County, Oregon, with the provision that "this conveyance is made that said premises may be preserved for, and devoted exclusively to, religious purposes, and none other, for the use and benefit of the residents and inhabitants of the town of Monitor, Oregon, and its vicinity and neighborhood, and said premises shall be forever so used," ad that, if the premises should cease to be so used, the same should thereupon revert to the first party. Afterward, for the purpose of raising funds with which to improve the property and carry into effect the purpose for which the same was held, the trustees of the Congregational Church borrowed $400, mortgaged the premises to the Congregational Church Building Society, to secure

such sum, and expended that amount in improving the property. The premises are now, and were at the time of the commencement of this suit, being used for church and religious purposes exclusively, in compliance with the agreement between Shuck and the Monitor Christian Church. This suit was brought by the plaintiff to enjoin the defendants from breaking and entering the premises, cutting down or destroying trees or timber thereon, and for damages.            Affirmed.

For appellant there was a brief and an oral argument by *Mr. Elisha P. Morcom.*

For respondents there was a brief over the name of *Messrs. Huntington & Wilson,* with an oral argument by *Mr. Hollis S. Wilson.*

Mr. Justice Bean delivered the opinion of the court.

1. It is the contention of the plaintiff that, because the trustees of the Monitor Christian Church transferred the 1-acre tract to the Congregational Missionary Board of Oregon without an order from the Circuit Court that entered the decree, the title of the trustees terminated, and the property reverted to the original grantor Shuck; and that, by reason of the latter's deed to Nelson, the title passed to the plaintiff. The transfer of the premises by the trustees of the Monitor Christian Church was made with the voluntary consent of the members of that society, who were the beneficiaries. This transfer was apparently necessary to carry out the purposes of the trust and provide a suitable building upon the land to be used for the purposes of religious worship. The result was that the property has ever since been used exclusively for such purposes; therefore such a conveyance was a

proper performance of the trust, and not a breach thereof: 39 Cyc. 346. The conveyance by the trustees of the Monitor Christian Church with the consent and approbation of the beneficiaries, who are the members of that church, passed a good title and concluded the beneficiaries, as well as the settler of the trust: 39 Cyc. 355, c. 361.

2. The majority of the members or corporators of a religious society or corporation may direct or control the disposition of its property: 34 Cyc. 1158 (b), 1160 (2); *Albany College* v. *Monteith,* 64 Or. 356 (130 Pac. 633).

3. A grantee of trust property, with notice of the trust, takes it subject to the trust and holds it for the purposes of the trust: 39 Cyc. 373 (b); *Sharp* v. *Goodwin,* 51 Cal. 219; 2 Pom. Eq. Jur. 621; *Amberson* v. *Johnson,* 127 Ala. 490 (29 South. 176). Therefore the Congregational Missionary Board of Oregon and its grantee, the Monitor Congregational Church, took the real estate conveyed subject to the trust, and held it for the purposes of such trust. Should it be. found that the trust is being violated or the land used for purposes other than those contemplated by the grant, even then the title would not revert to the original grantor: *Chapman* v. *Wilbur,* 4 Or. 362; *Raley* v. *Umatilla County,* 15 Or. 172 (13 Pac. 890, 3 Am. St. Rep. 142); *Albany College* v. *Monteith,* 64 Or. 356 (130 Pac. 633).

By the decree of August 14, 1903, the plaintiff's title or interest in the 1-acre tract was terminated, and he was perpetually enjoined from interfering with or disturbing the members of. the church. The Circuit Court of Marion County did not create, but simply recognized, a trust, and the trustees of the Christian Church were agents of the society, and not agents or officers of the

court. It is not contended that the transfer from the Christian Church to the Congregational Missionary Board, or from the latter to the Congregational Church of Monitor, was a violation of any trust, or that the use of the property by these grantees is inconsistent with the design of the original grantors. The record shows that the property is still being used for religious purposes for the use and benefit of that community. This is what was evidently contemplated by Shuck, the original grantor. If the mortgage referred to should be foreclosed, it is obvious that the purchaser would take only the interest which the mortgagor had, and the property would still be held for church and religious purposes as heretofore.

4. The plaintiff is not shown to be a member of either of the church organizations mentioned, and hence not in a position to question the act of any of these societies in the matter of conveying its property. We find in 34 Cyc. 1172, note 88, the following:

"A nonmember of the church or society cannot maintain an action to regulate the use of the church property, even though he was one of the original grantors or was formerly a member of the society."

In 39 Cyc. 362, it is stated that beneficiaries are generally the only persons entitled to attack the validity of a sale by trustees; third persons having no such right.

The decree of the Circuit Court is therefore affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.